In the Matter of the Claim of GEORGE SWEENEY, Appellant, v OMNI PARK CENTRAL HOTEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [732 NYS2d 692] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 2, 2000, which ruled that there was insufficient medical evidence to support any awards of workers' compensation benefits to claimant.

Claimant sustained injuries in an automobile accident in December 1983 that occurred during the course of his employment as a bellhop. He received medical treatment for several months after the accident and sporadically thereafter. His initial medical bills were apparently paid by the no-fault insurance carrier and, when claimant sought workers' compensation benefits, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) objected on various grounds. In November 1989, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relationship. After hearings at which Antonio Parisi, the physician who initially treated claimant for the injuries sustained in the accident, and Robert Copulsky, the physician who treated claimant periodically beginning in February 1986, testified, a WCLJ made awards of benefits for specific intermittent periods of total and partial disability. On the carrier's appeal, the Workers' Compensation Board, citing to the lack of "contemporaneous medical reports" in general and the absence of the treating physician reports required by 12 NYCRR 325-1.3 in particular, found insufficient medical evidence to support the awards, rescinded the WCLJ's decision which made the awards and closed the case. Claimant appeals.

The record does not support the Board's finding of insufficient medical evidence to establish any periods of disability causally related to the accident. The only experts to testify were Parisi and Copulsky.* Parisi testified that claimant was totally disabled from the date of the accident until June 1984 and that he stopped treating claimant in July 1984. Copulsky testified that he saw claimant monthly from February 1986 to the end of that year, sporadically thereafter until May 1993 and then regularly through the end of 1995. According to Copulsky, claimant was disabled from performing any work other than sedentary office work and claimant's condition was causally related to the December 1983 accident. The record includes verification of treatment forms filed by Parisi with the no-fault insurance carrier and Copulsky's office notes. The physicians were apparently paid for their services from other sources, such as the no-fault insurance carrier and Medicare, and, therefore, they did not file any of the medical reports that would have been required to obtain payments under the Workers' Compensation Law.

The Board was justified in finding that claimant was not entitled to awards of benefits for the lengthy periods during which he did not seek regular medical treatment, which resulted in the absence of medical evidence of a disability during those periods. The lack of medical evidence for these periods, however, does not provide a rational basis for the Board's conclusion that claimant also was not entitled to awards of benefits for the periods during which he sought regular treatment and for which there is undisputed expert medical testimony that claimant was disabled as a result of the work-related accident.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* The carrier's expert was precluded from testifying after failing to appear at several hearings.